United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOKUKO H. SYLVESTER,
Plaintiff,

v.

STATE OF CALIFORNIA, et al.,
Defendants.

Case No. 14-cv-05595-RS

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

## I. INTRODUCTION

Plaintiff Tokuko Sylvester, proceeding *pro se*, alleges that she has suffered constitutional injuries flowing from the cap on medical malpractice damages established by the California Medical Injury Compensation Reform Act of 1975 ("MICRA") and the California court system's inadequate services for unrepresented, limited English proficiency ("LEP") civil litigants. Sylvester's grievance, as described in the lucid statement of facts found in her complaint, stems from her misadventures as a *pro se* malpractice plaintiff in California state court. Unable to find a lawyer willing to take her case on a contingent basis, Sylvester represented herself in a suit against her former podiatrist, alleging complications arising out of surgeries the doctor had performed on her foot. According to Sylvester's present complaint, she was hamstrung in superior court by her lack of familiarity with civil procedure and limited proficiency in the English language. Still, the case proceeded to trial. After Sylvester presented her case in chief, however, the superior court granted the defendant's motion for nonsuit and dismissed the action.[1] Sylvester unsuccessfully challenged that outcome in the court of appeal, and then filed a petition for review with the

[1] *See* California Code of Civil Procedure § 581c.

California Supreme Court, which was also denied.

Sylvester now asserts ten claims against the State of California, Governor Edmund G. Brown, Jr., the California Medical Board, the California courts, and the California State Bar. She seeks $121 million in damages and sweeping injunctive relief. Defendants move to dismiss the complaint. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument. Because Sylvester has failed to state any claim upon which relief may be granted, her complaint will be dismissed, with leave to amend.

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 652, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id*.

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

*Pro se* pleadings must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). A *pro se* litigant in a civil rights suit must have an opportunity to amend a complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment. *Eldrige v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

## III. DISCUSSION

### A. Challenges to MICRA

Sylvester first argues that MICRA's $250,000 cap on noneconomic malpractice damages[2] violated her constitutional right to be represented by an attorney. The damages ceiling, she contends, prevents her and other plaintiffs from obtaining legal counsel because California lawyers lack sufficient financial incentives to take on malpractice cases. Without minimizing the difficulties Sylvester seems to have experienced in her unsuccessful attempts to find legal representation, however, there is simply "no constitutional right to counsel in a civil case" under the circumstances described in her complaint. *United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986).

Sylvester also points out that there is no California law requiring healthcare providers to inform patients about MICRA's damages cap. According to Sylvester, the California Patients' Bill of Rights mandates that each healthcare consumer "know the truth about MICRA." However, even if an individual healthcare provider could indeed be held liable for failing to inform a patient about MICRA's damages cap (and it is not clear that such a claim would be viable), Sylvester identifies no support for her claim that the State of California had an affirmative duty to pass a law requiring such disclosures.[3]

### B. Due Process & Equal Protection

Next, Sylvester claims the superior court violated her rights to due process and equal protection by failing to provide her with "fair access to justice." Her grievance apparently stems, in part, from the assumption that the California state court system is required to treat *pro se*

---

[2] The damages cap is found at section 3333.2(b) of the California Civil Code.

[3] Section 1430(b) of the California Health and Safety Code authorizes a patient of a "skilled nursing facility" or an "intermediate care facility" to bring a civil action against the facility for alleged violations of the Patients' Bill of Rights. It does not authorize any private right of action against the State itself. The rights guaranteed to patients of skilled nursing facilities and intermediate care facilities are found, respectively, at sections 72527 and 73523 of Title 22 of the California Code of Regulations.

litigants with special leniency. Yet, as the superior court informed her, Sylvester and other *pro se* litigants are "entitled to the same, but no greater, consideration than other litigants and attorneys." *Burnete v. La Casa Dana Apartments*, 148 Cal. App. 4th 1262, 1267 (2007). That was an accurate statement of California law; the same generally holds true in federal court. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record"). This court does not doubt that Sylvester, like many *pro se* plaintiffs, found civil litigation challenging. While the difficulties presented to laypersons attempting, for example, to learn civil procedure—or, as Sylvester aptly puts it, to "speak to the judge" the way "lawyers talk"—may be significant, those hurdles cannot alone give rise to constitutional injuries, whether to Sylvester or to the putative class of *pro se* litigants she purports to represent.

Somewhat separately, Sylvester contends that the superior court made "insulting" remarks regarding her *pro se* status. Read in the light most favorable to Sylvester, the allegations in the complaint indicate otherwise. Her factual averments are evidence of, at most, an absence of tact on the part of the superior court judge, who allegedly made reference in open court to the difficulties Sylvester faced as a *pro se* litigant. Those comments do not support a plausible inference that Sylvester was unconstitutionally singled out for mistreatment or denied due process. *Ashcroft*, 566 U.S. at 678. Moreover, although Sylvester disavows any desire to challenge the state judgment entered against her, the portion of her complaint alleging specific misconduct on the part of the superior court strays dangerously close to such a challenge. As defendants correctly point out, Sylvester is barred under the *Rooker–Feldman* doctrine from complaining of a legal wrong allegedly committed by the state court and seeking relief from the resulting judgment in federal district court. *See Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

C. Title VI Claims

Sylvester also claims that the superior court, the Medical Board of California, and the State Bar subjected her to differential treatment because of her Japanese heritage, in violation of her right under Title VI of the Civil Rights Act of 1964 to be free from discrimination on the basis of

United States District Court
Northern District of California

her national origin. 42 U.S.C. § 2000d. Sylvester's claim against the superior court stems from her difficulties understanding the proceedings in her malpractice case and being understood, in turn, by the court. In essence, Sylvester argues that California's failure to provide translators for unrepresented LEP civil litigants has a disparate impact on individuals of diverse national origin, who may be unable to understand court proceedings conducted in English. As defendants correctly point out, however, "there is no private right of action for disparate impact discrimination under Title VI." *Colwell v. Dept. of Health and Human Serv.*, 558 F.3d 1112, 1129 (9th Cir. 2009). This is not to diminish Sylvester's travails as a LEP litigant without translation assistance—it is simply to say that federal law does not provide for the relief she requests. *Northstar Fin. Advisors, Inc. v. Schwab Investments*, 615 F.3d 1106, 1117 (9th Cir. 2010) ("The mere fact that a statute was designed to protect one class of individuals does not require the implication of a private cause of action for damages on their behalf.") (internal citation and quotation marks omitted). [4]

Title VI does prohibit intentional, targeted discrimination on the basis of national origin. *Alexander v. Sandoval*, 532 U.S. 275, 281 (2001). The allegations in the complaint, however, are insufficient to state a claim that any of the defendants intentionally discriminated against Sylvester on the basis of her Japanese heritage or LEP status. For example, Sylvester's claim against the Medical Board is predicated solely on her subjective "belie[f]" that the Board conducted an inadequate investigation of her complaint because she "spoke English with a strong accent." Such conclusory assertions of discrimination are not enough to bring her claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 549.

D. Other Claims

Finally, Sylvester asserts the following putative claims: (1) the California rules of court violate the Plain Writing Act of 2010, which requires that government documents be written in

---

[4] The Supreme Court's opinion in *Tennessee v. Lane*, 541 U.S. 509 (2004) does not change this conclusion. That case addressed Title II of the Americans with Disabilities Act, which is a distinct statute from the Civil Rights Act of 1964. *Id.* at 513.

simple, easy-to-understand language; (2) the superior court deprived Sylvester of her right to access her medical records in violation of the Patients' Bill of Rights; (3) the State Bar violated its constitutional duty to tell the truth under oath; and (4) the California Constitution is in conflict with the United States Constitution. None of these arguments states a viable claim for relief. First, the Plain Writing Act only applies to documents drafted by agencies of the federal government. Pub. L. No. 111-274 at §§ 2-4, 124 Stat. 2861-62 (2010). Moreover, the statute explicitly states that "there shall be no judicial review of compliance or noncompliance with any provision of this Act" and that the Act creates no "right or benefit, substantive or procedural, enforceable by any . . . judicial action." *Id.* at § 6, 124 Stat. at 2862-63. Similarly, Sylvester has not identified—and this court's independent research has not revealed—any statutory or common law provision authorizing a private right of action against a state court for its failure to facilitate a litigant's access to medical records. Sylvester's other remaining claims, which are made up of little more than threadbare "conclusory statements," are likewise insufficient to withstand dismissal. *Iqbal*, 566 U.S. at 676.[5]

E. Request for Appointment of Counsel

In her complaint, Sylvester requests that an attorney be appointed to represent her, *pro bono*, in these proceedings. While a district court indeed has discretionary authority, under 28 U.S.C. § 1915(e)(1), to appoint counsel for a *pro se* litigant, that discretion should only be exercised in "exceptional circumstances." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). In deciding whether to appoint counsel, a district court must consider the plaintiff's "likelihood of success on the merits" and her ability to articulate her claims *pro se* "in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). As discussed throughout this order, Sylvester is unlikely to succeed on the merits

[5] Defendants argue that the shield of sovereign immunity and the *Rooker-Feldman* doctrine each independently operates to bar Sylvester's claims. They have done an inadequate job of supporting their contention that this action is comprehensively precluded by the foregoing doctrines. Provided Sylvester elects to amend her complaint and defendants again move to dismiss, they will be permitted to reassert the aforementioned defenses in more persuasive fashion.

of her claims. That consideration weighs against the appointment of counsel. In addition, despite her apparently demoralizing experiences as a *pro se* state court litigant and her professed lack of proficiency in the English language, Sylvester's submissions to this court have been very articulate. While, as discussed throughout this order, it is always challenging for unrepresented litigants to navigate the intricacies of legal practice, Sylvester appears better suited to the challenge than the average *pro se* plaintiff. Because "exceptional circumstances" are absent from this case, Sylvester's request for appointed counsel is denied.

## IV. CONCLUSION

In the interests of justice, Sylvester is granted leave to amend her complaint in a renewed effort to state claims upon which relief may be granted. Fed. R. Civ. P. 15(a)(2). If Sylvester elects to take advantage of this opportunity, she must file an amended complaint no later than **June 15, 2015**. In the event no amended complaint is filed by June 15, 2015, the action will be dismissed and the file closed, without further notice.

**IT IS SO ORDERED**.

Dated: May 14, 2015

RICHARD SEEBORG
United States District Judge