UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TOKUKO H. SYLVESTER,

    Plaintiff,

    v.

STATE OF CALIFORNIA, et al.,

    Defendants.

Case No. 14-cv-05595-RS

**ORDER DISMISSING ACTION WITH PREJUDICE**

In her first amended complaint ("FAC"), plaintiff Tokuko Sylvester, a California resident of Japanese origin with limited English proficiency ("LEP"), explains that she "experienced a life-changing trauma in the California courts." The alleged circumstances surrounding that trauma are summarized in the May 14, 2015 order (the "May Order") dismissing Sylvester's original complaint with leave to amend and will not be repeated here. Defendants move to dismiss the FAC. Like the original complaint, the FAC is a clear and articulate statement of Sylvester's grievances. Like the original complaint, it does not state any viable claim upon which relief may be granted.

The FAC's first two claims are based on allegations that, as a *pro se* plaintiff pursuing medical malpractice litigation in state court, Sylvester was at a crippling disadvantage. Sylvester advanced very similar claims in her initial complaint. As Sylvester knows from the May Order, a *pro se* plaintiff generally has no right to legal representation in civil litigation. *Lassiter v. Dep't of Social Services of Durham County, N.C.*, 452 U.S. 18, 26-27 (1981) ("an indigent litigant has a right to appointed counsel *only when*, if he loses, he may be deprived of his physical liberty") (emphasis added). As Sylvester also knows, unrepresented litigants are "entitled to the same, but no greater, consideration than other litigants and attorneys." *Burnete v. La Casa Dana*

*Apartments*, 148 Cal.App.4th 1262, 1267 (2007).[1]  Because Sylvester's first two claims are predicated on the fundamental misapprehension that there exists an inalienable right to civil counsel, they must be dismissed.

The remainder of the FAC is devoted to allegations that Sylvester was mistreated by the California court system, the State Bar, and the Medical Board because of her LEP status, in violation of Title VI of the Civil Rights Act of 1964.  42 U.S.C.A. § 2000d *et seq.*  Like the initial complaint, the FAC lacks any averments sufficient to give rise to a plausible inference that Sylvester was purposefully singled-out for mistreatment because of her national origin.  Sylvester does assert that the California courts systematically discriminate against LEP litigants by failing to provide translation assistance.  As explained in the May Order, however, there is simply "no private right of action for disparate impact discrimination under Title VI."  *Colwell v. Dept. of Health and Human Serv.*, 558 F.3d 1112, 1129 (9th Cir. 2009).[2]

Because Sylvester has failed to state any viable claim upon which relief may be granted, the FAC must be dismissed in its entirety.  Under the circumstances of this case, further amendment would be futile.  *See Reddy v. Litton Industries, Inc.*, 912 F.2d 291, 296 (9th Cir. 1990).  The factual underpinnings of Sylvester's grievances have always been clear.  Her legal theories, however, are irreparably defective.  Confirming the conclusion that further amendment would be futile, Sylvester suggests that she has no interest in continuing to battle over the sufficiency of her pleadings.[3]  This action is therefore dismissed with prejudice.  The Clerk is

---

[1] Sylvester also asserts that the state court "insulted and humiliated" her because of her *pro se* status.  As determined in the May 14 order, her allegations in that regard are "evidence of, at most, an absence of tact on the part of the superior court judge."  Sylvester has not offered any new averments to change that conclusion.

[2] In support of her disparate impact theory, Sylvester relies on *Lau v. Nichols*, a 1974 Supreme Court decision holding that Title VI required San Francisco schools to address the language needs of LEP students of Chinese origin even in the absence of intentional discrimination.  414 U.S. 563, 568-69 (1974).  The Supreme Court, however, has "since rejected *Lau's* interpretation of [Title VI] as reaching beyond intentional discrimination."  *Alexander v. Sandoval*, 532 U.S. 275, 285 (2001). Simply put, *Lau* is no longer good law.

[3] Sylvester indicates in the FAC that unless she is provided with appointed counsel, "she would like to withdraw this lawsuit at this time."  For the reasons discussed in the May Order—and

1  instructed to close the file.

2  **IT IS SO ORDERED**.

4  Dated: August 28, 2015

_____
RICHARD SEEBORG
United States District Judge

---

26  restated in the June 9, 2015 order denying Sylvester's motion for reconsideration—this case does not present the exceptional circumstances necessary to justify the appointment of counsel. Sylvester's amended pleadings do not change this conclusion.